IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01834–PAB–MDB

KATE LEWIS, and
JEFFREY LEWIS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This matter is before the Court on the "Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss," filed by the Defendant United States of America ["United States"]. (["Motion"], Doc. No. 13.) Plaintiffs Kate Lewis and Jeffrey Lewis ["Plaintiffs"] have responded in opposition to the Motion, and the United States has replied. (["Response"], Doc. No. 17; ["Reply"], Doc. No. 19.) Upon review of the Motion, the related briefing, and the applicable case law, the Motion is **DENIED**.

### STATEMENT OF THE CASE

Plaintiffs bring this medical malpractice action against the United States, pursuant to the Federal Tort Claims Act ["FTCA"], 28 U.S.C. §§ 2671-2680, alleging that a nurse practitioner at a federally funded healthcare facility negligently failed to diagnose and treat Plaintiff Kate Lewis's invasive ductal carcinoma. (Doc. No. 1 at ¶¶ 1, 9, 13, 20-22, 46-50.) On September 30,

2022, the United States responded to Plaintiffs' allegations by filing a motion to dismiss the case, in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 12.) In the motion dismiss, the United States argues that the Court lacks subject matter jurisdiction over Plaintiffs' sole claim for relief, because the claim is barred by Colorado's statute of repose for medical negligence claims. (*Id.* at 1.) The motion to dismiss is fully briefed and remains pending before Chief Judge Brimmer.

On October 6, 2022, the United States filed the present Motion, asking that discovery in this matter be stayed, pending resolution of its motion to dismiss. (Doc. No. 13 at 1.) The United States argues that a discovery stay is warranted here, because the motion to dismiss raises a threshold jurisdictional challenge to Plaintiffs' claim, and because "the *String Cheese* factors all support staying discovery." (*Id.* at 1, 3-4.) Plaintiffs, on the other hand, oppose the imposition of a discovery stay, arguing that "Plaintiff Kate Lewis is a terminally ill cancer patient and staying discovery will likely prevent her from having her day in court before she dies." (Doc. No. 17 at 1.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

## ANALYSIS

The United States moves to stay discovery in this lawsuit pending resolution of its previously filed motion to dismiss, arguing that: (1) discovery is not available where a court lacks jurisdiction; and (2) the *String Cheese* factors weigh in favor of a stay. (Doc. No. 13 at 2-7.) Plaintiffs counter that a discovery stay would be improper here, because: (1) the issue presented in the United States' pending motion to dismiss—the application of Colorado's statute

3

of repose—is not jurisdictional; and (2) the *String Cheese* factors cut against a stay. (Doc. No. 17 at 3-8.)

## I.  The United States' Motion to Dismiss

In its motion to dismiss, the United States argues that Plaintiffs' FTCA claim must be dismissed for lack of subject matter jurisdiction, because the claim was filed outside of Colorado's three-year statute of repose for medical negligence claims. (Doc. No. 12 at 4-11.) Accordingly, the United States argues that the case should be stayed until the motion to dismiss is resolved, given that discovery is not available where jurisdiction is lacking. (Doc. No. 13 at 3-4.) In response, Plaintiffs argue that the statute of repose does not raise jurisdictional issues, and the Court "therefore has the authority to allow discovery to commence." (Doc. No. 17 at 3-4.)

"A statute of repose . . . puts an outer limit on the right to bring a civil action," the limit of which is measured "from the date of the last culpable act or omission of the defendant." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). Although a statute of repose is related to a statute of limitations, the two differ in meaningful ways: while statutes of limitation are "designed to encourage plaintiffs to pursue diligent prosecution of known claims," statutes of repose put in place a "legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2045 (2017) (internal quotation marks and citation omitted).

The United States argues, in its motion to dismiss, that Plaintiffs' claim under the FTCA is subject to Colorado's statute of repose, codified at Colo. Rev. Stat. § 13-80-102.5(1), which provides:

> [N]o action alleging negligence . . . or other action arising in tort or contract to recover damages from any health-care institution . . . or any health-care professional

4

> . . . shall be maintained unless such action is instituted within two years after the date that such action accrues . . . but in no event shall an action be brought more than three years after the act or omission which gave rise to the action.

(Doc. No. 12 at 4.) The United States contends that, because Plaintiffs commenced this lawsuit more than four years after the alleged negligence about which they complain, their FTCA claim is barred by the statute of repose, and thus, "this Court does not have subject matter jurisdiction over Plaintiffs' claim." (*Id.* at 9, 11.) In opposing a stay of discovery, Plaintiffs argue that a statute of repose does not affect subject matter jurisdiction, but is rather simply a procedural filing deadline. (Doc. No. 17 at 4.) In its reply, the United States argues that the issue *is* jurisdictional, because the FTCA confers jurisdiction over claims, only where the complaint "plausibly allege[s] facts showing that a private person would be liable to the plaintiff under state law." (Doc. No. 19 at 2.) According to the United States, Colorado's statute of repose precludes Plaintiffs' complaint from plausibly alleging such facts here, and thus, the Court lacks jurisdiction over Plaintiffs' claim. (*Id.* at 2-3.)

The Court declines to pass on whether a statute of repose raises jurisdictional concerns at this juncture, particularly where the United States' motion to dismiss has not been referred to the undersigned for resolution, and where the determination of that issue is not required for the Court to rule on the present Motion. Accordingly, the Court turns to the *String Cheese* factors to determine whether a stay of discovery is appropriate in this matter.

**II. The *String Cheese* Factors**

*Plaintiffs' Interest in Proceeding Expeditiously.* The United States argues that Plaintiffs' interest in proceeding with this litigation will not be harmed if discovery is stayed, because Plaintiffs seeks only monetary damages, as opposed to equitable relief. (Doc. No. 13 at

5

5.) In fact, the United States contends that Plaintiffs' interests would actually be *harmed* "if discovery were to proceed only for [their] complaint to be dismissed on threshold grounds, in which case Plaintiffs would be responsible for fees and costs that could have been avoided" with a stay. (Doc. No. 19 at 4.) Plaintiffs, by contrast, contend that any delay of this case "is truly a matter of life and death," given that "Kate Lewis's cancer has progressed to Stage 4 and has metastasized to her sternum," meaning that there is "a significant possibility" that she may pass away before trial. (Doc. No. 17 at 5.) Plaintiffs argue that this prejudice alone outweighs the remaining *String Cheese* factors. (*Id.*)

As to this factor, the Court agrees that Plaintiffs "undoubtedly have an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez*, 2007 WL 683973, at *1 ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences."). The primary event giving rise to this action occurred in 2017, and the Court disfavors inviting additional delays in this case unless absolutely necessary. *See Sanchez*, 2020 WL 924607, at *5 (noting that, where events giving rise to the action occurred in 2018 and the case was not likely to be resolved until 2021, a stay of discovery was disfavored). The Court is likewise sympathetic to Plaintiffs' concerns that a delay in this case may preclude Ms. Lewis from seeing recovery in this action. Accordingly, the Court finds this factor to weigh against the imposition of a stay.

***The Burden on the Defendant***.  As to the second factor, the United States argues that it will face "substantial expenses and burden" if discovery proceeds. (Doc. No. 13 at 5.) The United States argues, specifically, that "discovery in this case will require the hiring of multiple

expert witnesses and the collection of a large number of medical records." (*Id.*) In addition, the United States argues that "the time and expense involved in the discovery process will take governmental personnel away from other important responsibilities in order to respond to discovery requests and participate in depositions." (*Id.*) Plaintiffs, on the other hand, contend that the federal government "has tremendous resources" available to it, and thus, any burden that it will suffer from discovery will be "minimal." (Doc. No. 17 at 5-6.)

As an initial matter, the Court notes that "[d]efendants are always burdened when they are sued." *Chavez*, 2007 WL 683973, at *2. As such, generally, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). However, where, as here, Plaintiffs' claim may be time-barred and a pending motion to dismiss may completely dispose of the case, proceeding with discovery may prove to be an impractical endeavor. *See Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding the second factor to weigh in favor of a stay, even though the defendants failed to demonstrate that proceeding with discovery would be an *undue* burden, where such discovery "could be wasteful"); *see also Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011) (recognizing the burden on defendants in proceeding with discovery, where there was a pending motion to dismiss raising a statute of limitations argument). Accordingly, the second factor weighs slightly in favor of a stay.

**The Convenience to the Court.** The third *String Cheese* factor, convenience to the court, weighs against the imposition of a stay. This District's general rule to proceed with discovery,

even while a dispositive motion is pending, recognizes that there are "burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed." *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309 at *2 (D. Colo. May 9, 2007). While every motion to stay comes with different considerations, stays—and the delay that comes with them—are usually not convenient. *See Patterson v. Santini*, No. 11-cv-01899-RM-KLM, 2014 WL 349085 at *3 (D. Colo. Jan. 31, 2014) ("It is not convenient for the Court to have stale cases cluttering its docket."). "The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from the imposition of a stay makes the Court's docket less predictable and, hence, less manageable." *Lester v. Gene Express, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010) (adding that this is particularly the case when "the stay is tied to . . . pending motion on which ultimate success is not guaranteed"). This factor, therefore, does not weigh in favor of a stay.

**Interests of Non-Parties.** As to the fourth *String Cheese* factor, neither side identifies any specific, non-parties that would benefit from, or be burdened by, a stay. (*See* Doc. No. 13 at 6; Doc. No. 17 at 7.) Plaintiffs argue, generally, that "witnesses in this case include necessary medical doctor witnesses whose memories and recollections of Kate Lewis's care and treatment will only fade more and more with additional delays." (Doc. No. 17 at 7.) However, Plaintiffs do not explain "why they believe it is likely that these witnesses' memories will fade any more than they already have" during the period of a stay, if one is granted. *Johns Manville Corp. v. Knauf Insulation, Inc.*, No. 15-cv-02671-CMA-KLM, 2016 WL 9752315, at *4 (D. Colo. Oct. 27, 2016). "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice." *Id.* (citation omitted). Accordingly, the Court finds this factor to be neutral. *See*

8

*Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (finding the fourth factor to be neutral where no party identified specific non-party interests).

***The Public Interest.*** Finally, the United States argues that the public has an interest in the efficient resolution of cases and the appropriate use of judicial resources. (Doc. No. 13 at 6.) Plaintiffs, in response, argue that the general public has an interest in justice, and justice will not be served if Plaintiff Kate Lewis "dies prior to trial due to an unnecessary discovery stay." (Doc. No. 17 at 7.)

As to the fifth factor, there is no question that the general public's primary interest in this case is an efficient and just resolution. "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). Moreover, the Court agrees with the United States that a temporary stay "will allow the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." (Doc. No. 13 at 6 (quoting *Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011)).) Therefore, this factor weighs slightly in favor of a stay.

### III. Balancing the Factors

In sum, the Court finds that: (1) two of the *String Cheese* factors weigh against the imposition of a stay; (2) two of the factors weigh in favor of a stay; and (3) one factor is neutral. Given that discovery stays are generally disfavored in this District, the Court, in its discretion, finds that the balance of the *String Cheese* factors does not support the imposition of a stay in

9

this case. *See United Steelworkers of Am.*, 322 F.3d at 1227 (recognizing that the decision whether to stay a case lies within the trial court's discretionary authority).

## CONCLUSION

On this record, then, having considered the *String Cheese* factors together, the Court concludes that a discovery stay pending resolution of the United States' motion to dismiss is not appropriate.

Accordingly, it is

**ORDERED** that "Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss" (Doc. No. 13) is **DENIED**. The parties **SHALL** file a joint proposed scheduling order on or before **December 7, 2022**.

DATED: November 9, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge