IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01834–MDB

KATE LEWIS, and
JEFFREY LEWIS

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

Pending before the Court are "Plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)" (["Motion for Reconsideration"], Doc. No. 32), and "Plaintiffs' Motion to Certify Questions of State Law to the Colorado Supreme Court pursuant to C.A.R. 21.1" (["Motion to Certify"], Doc. No. 33.) Defendants oppose both motions, and Plaintiffs have filed replies. (["Response to Motion for Reconsideration"], Doc. No. 38; ["Response to Motion to Certify"], Doc. No. 37, ["Reply iso Motion for Reconsideration"], Doc. No. 40; ["Reply iso Motion to Certify"], Doc. No. 39.) Both motions concern the Court's recent decision to dismiss Plaintiffs' claims for lack of subject matter jurisdiction. (*See* ["April 10, 2023 Order"], Doc. No. 31.) For the reasons described herein, the Motion to Certify is **DENIED**, and the Motion for Reconsideration is **GRANTED in part and DENIED in part.**

## BACKGROUND

This case concerns Plaintiffs' negligence claim against Defendant under the Federal Tort Claims Act ["FTCA"]. (Doc. No. 1 at 2.) The details of Plaintiffs' claim and the basis for dismissal are set forth in the Court's April 10, 2023 Order, and the Court presumes familiarity with the same. (Doc. No. 31). The key facts are restated here for ease of reference.

On February 1, 2017, Mrs. Lewis, who had noticed a change in her left breast and was concerned about breast cancer, was seen at Peak Vista Community Health Center by nurse practitioner, Beth Trexler. (Doc. No. 1 at ¶¶ 20-22.) According to Plaintiffs, Ms. Trexler did not order any testing and told Ms. Lewis there was nothing to be concerned about. (*Id.* at ¶¶ 22-23.) In December of 2019, Mrs. Lewis saw general surgeon, Philip Marin, because of a painful lump in her left breast. (*Id.* at ¶ 24.) On December 23, 2019, Dr. Marin performed a lumpectomy, removing tissue from Mrs. Lewis's left breast, and submitting it for diagnosis. (*Id.* at ¶¶ 25-26.) "On December 31, 2019, [Mrs. Lewis] was informed that she had breast cancer (invasive ductal carcinoma)." (*Id.* at ¶ 29.)

Relevant to Plaintiffs' Motion for Reconsideration, the Complaint also alleges that Mrs. Lewis underwent a double mastectomy on January 21, 2020, received twelve weeks of chemotherapy and twenty-five rounds of radiation, and developed an infection, had multiple surgeries thereafter, and that "[d]espite ongoing treatment, [Mrs. Lewis's] breast cancer has progressed to Stage 4," and "metastasized to her sternum." (*Id.* at ¶¶ 30-38.)

Plaintiffs sue Ms. Trexler because they allege that if Ms. Trexler "had ordered appropriate follow-up care and/or testing," then there is a reasonable probability that "[Mrs. Lewis] would have been diagnosed with Stage 1A breast cancer….[and] the cancer would not

2

have spread….[Mrs. Lewis] would not have required the extensive treatment….[and] [Mrs. Lewis] would have been cured[.]" (*Id.* at ¶¶ 42-45.)

On April 10, 2023, the Court dismissed Plaintiffs' Complaint for lack of subject matter jurisdiction, finding that: (1) Colorado's statute of repose bars Plaintiffs' claim because it was filed more than three years after the allegedly negligent act or omission, and (2) the exception in Colo. Rev. Stat. § 13-80-102.5(3)(c), does not save the claim from the statute of repose because it only applies when the injury and its cause were not known, or discoverable by the exercise of reasonable diligence, within the three-year repose period. (Doc. No. 31 at 17.)

Plaintiffs take issue with the Court's ruling, arguing: (1) the FTCA preempts Colorado law and precludes application of the statute of repose, (2) the Court's statutory analysis was flawed because it reached beyond the plain language of the exception in Colo. Rev. Stat. § 13-80-102.5(3)(c), (3) the Court should find Colo. Rev. Stat. § 13-80-102.5(3)(c) unconstitutional because it allows cases to proceed when a plaintiff learns of the injury and its cause *after* the three-year repose period, but it does not allow cases to proceed when plaintiff learns of the injury and its cause just a few days or weeks prior, and (4) the Court committed error when it assumed that Plaintiffs' Complaint "dispositively showed" that Mrs. Lewis knew of both her injury and its cause on December 31, 2019. (Doc. No. 32 at 1-2.)

In the alternative, Plaintiffs argue the Court should certify several questions to the Colorado Supreme Court so it can interpret the exception under Colo. Rev. Stat. § 13-80-102.5(3)(c).

**LEGAL STANDARD**

**I.      Motion to Certify**

A United States District Court may certify "questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the [Colorado] Supreme Court." C.A.R. 21.1(a). 12. "Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citations omitted); *see also Larrieu v. Best Buy Stores, L.P.* 491 Fed. Appx. 864, 866 (10th Cir. 2012) (unpublished) (recognizing certification is warranted where the question presented is "close, important, novel, and determinative") A court should certify where the legal issue is so novel that it feels "uncomfortable attempting to decide it without further guidance[.]" *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).

However, federal courts do not certify questions to "sister state courts every time an arguably unsettled question of state law comes across [their] desks." *Id.* Indeed, certification is the exception not the rule because "[f]ederal courts have a duty to decide difficult or unsettled questions of state law and must do so if there is 'a reasonably clear and principled course.'" *Franco v. McLeish*, No. 21-cv-01736-MDB, 2022 WL 16924010, at *2 (D. Colo. Nov. 14, 2022) (quoting *Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 839 (10th Cir. 2018)). The Tenth Circuit has cautioned that federal courts should "apply judgment and restraint before certifying," and "not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Pino*, 507 F.3d at 1236. In other words, when a court is comfortable deciding the issue without guidance because it "see[s] a reasonably clear and principled course," there is no need to burden our sister state courts. *Id.* Moreover, and relevant here, certification is disfavored when the request comes after a district court has already ruled

4

against the party seeking certification. *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir. 1999); *accord Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994). "[C]ertification is not a vehicle for a second bite at the apple." *Travelers Indem. Co. of Am. v. BonBeck Parker, LLC*, No. 14-cv-02059-RM-MJW, 2017 WL 10667200, at *4 (D. Colo. Mar. 1, 2017); *accord Smith v. SEECO, Inc.*, 922 F.3d 406, 412 (8th Cir. 2019).

## II.   Motion for Reconsideration

"The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may 'file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b).'" *Cleveland v. Auto-Owners Ins. Co.*, No. 20-CV-00676-CMA-NRN, 2022 WL 1090548, at *2 (D. Colo. Mar. 31, 2022) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Here, Plaintiffs have expressly moved under Rule 59(e), which allows for "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "The standards for determining when relief should or may be granted under Rule 59(e) are judge-made." *Nelson v. City of Albuquerque*, 925 F.3d 1187, 1189 (10th Cir. 2019). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "The Tenth Circuit has defined clear error as 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *MTGLQ Invs., LP v. Wellington*,

5

No. 1:17-CV-00487-KG-LF, 2018 WL 3868724, at *2 (D.N.M. Aug. 14, 2018) (quoting *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001)). And "manifest injustice is an exceptionally narrow concept in the context of a Rule 59(e) motion.... [M]anifest injustice arises from rulings that upset settled expectations [and] does not result merely because a harm may go unremedied." *U.S. Commodity Futures Trading Comm'n v. Gramalegui*, No. 15-cv-02313-REB-GPG, 2018 WL 11376451, at *1 (D. Colo. Dec. 21, 2018) (quotation marks omitted).

While "[a] Motion for Reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," *Silva v. U.S. Bank, National Assoc.*, 2019 WL 8223556, at *1 (D. Colo. Feb. 20, 2019), it "should not revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (stating that a Rule 59(e) motion should not used to relitigate or raise arguments that could have been raised prior to entry of judgment). "Motions to amend judgments under Rule 59(e) are disfavored and should be granted only in extraordinary circumstances." *Rivera v. JPMorgan Chase Bank, N.A.*, 312 F.R.D. 216, 219 (D.D.C. 2015).

## ANALYSIS

### I. Plaintiffs' Motion to Certify

Plaintiffs argue this Court should certify to the Colorado Supreme Court several questions related to the statute of repose exception in Colo. Rev. St. § 13-80-102.5(3)(c), because: 1) there is no controlling precedent, 2) the issue is determinative, and 3) the questions presented are novel. (*See* Doc. No, 33 at 3-5.) They further argue that by granting Plaintiffs'

6

Motion to Certify, this Court will "eliminate the guesswork of trying to predict how the Colorado Supreme Court would interpret the state's law[.]" (*Id.* at 6.)

But there is no guesswork to eliminate and there are no predictions to make now that the Court has already decided the issue. Indeed, and as Defendant correctly argues, "the questions Plaintiffs seek to certify have been decided and are no longer 'pending' before this Court." (Doc. No. 37 at 10 (citing Colo. R. App. P. 21.1, which requires the certified question to be "pending" in the certifying court)); *see also Travelers Indem. Co. of Am.*, 2017 WL 10667200, at *4 (finding that because the issue was already decided and no longer a "live issue—Plaintiff's dissatisfaction with this Court's decision [was] not an appropriate ground for certification"); *Matchett v. BSI Fin. Servs.*, No. 2:21-CV-211-DAK, 2021 WL 4895130, at *2 (D. Utah Oct. 20, 2021) (similar); *In re Seymour*, No. 90-42543-11, 1994 WL 404748, at *5 (D. Kan. July 21, 1994) (similar), *aff'd sub nom. Seymour v. Thornton*, 79 F.3d 980 (10th Cir. 1996). And while Plaintiffs are correct that a party is not precluded from seeking certification after a district court has issued its ruling, (*see* Doc. No. 39 at 4), the Court is not persuaded by Plaintiffs' arguments that certification at this juncture will save time and resources.

In any event, while the questions presented (and already answered) may have been somewhat difficult to answer given the particular facts and circumstances of this case, the Court ultimately saw a "reasonably clear and principled course" to follow. *See Pino*, 507 F.3d at 1236. Said another way, the fact that the Court already answered these questions demonstrates that the Court was capable of deciding the issue without guidance, and that certification was not necessary. The Court therefore declines to certify Plaintiffs' proposed questions now.

**II.    Plaintiffs' Motion for Reconsideration**

7

The Court has carefully considered the arguments set forth in Plaintiffs' Motion for Reconsideration and finds that the only one not previously raised by Plaintiffs is whether the Court mistakenly or improperly assumed that Plaintiffs' Complaint "dispositively showed" Mrs. Lewis knew of both her injury and its cause on December 31, 2019. (Doc. No. 32 at 1-2.)

The other three arguments made in the Motion for Reconsideration (that the FTCA preempts Colorado law, that the Court's interpretation of Colo. Rev. Stat. § 13-80-102.5(3)(c) is flawed, and that Colo. Rev. Stat. § 13-80-102.5(3)(c) as interpreted by this Court is unconstitutional), are arguments that were previously raised in some form or another, and that the Court has already considered and rejected. Thus, as to those arguments, Plaintiffs must carry the heavy burden of demonstrating "clear error," which is measured against an arbitrary and capricious standard. *Servants of Paraclete*, 204 F.3d at 1012; *MTGLQ Invs., LP*, 2018 WL 3868724, at *2.

**A.    Plaintiffs' first three arguments do not persuade the Court that it should reconsider its April 10, 2023 Order.**

With respect to the first argument (preemption), Plaintiffs argue the Court "failed to determine whether preemption applies given the conflict between 28 U.S.C § 2401 and C.R.S. § 13-80-102.5." (Doc. No. 32 at 3.) In so arguing, Plaintiffs ignore this Court's determination that there is no conflict because "the statute of repose does not layer on top of, or conflict with, the FTCA's timeline. Instead the statute of repose applies to determine whether the FTCA waiver is triggered at all[.]" (Doc. No. 31 at 10 (omitting footnote).) In so holding, the Court expressly noted that "the FTCA therefore does not expressly or 'impliedly preempt state substantive law; to the contrary, it expressly incorporates it.'" (citations omitted).) Plaintiffs' selectively quote

8

from the Court's fulsome analysis on this issue to argue the Court erred, but the Court is not persuaded.

As to their second argument (statutory interpretation), Plaintiffs argue the Court improperly rewrote the statute. That argument is merely a repackaging of prior arguments, and it mischaracterizes the Court's analysis, which was in fact centered on the plain language of the statute. (*See, e.g.,* Doc. No. 31 at 16 ("In conducting its own analysis of the exception in subparagraph 3(c), the Court begins with the plain text of the statute…"); *id.* at 17 ("Plaintiffs' argument is … contrary to the plaint text…").

Plaintiffs' third argument (constitutionality of the statutory exception) was also previously raised, and Plaintiffs are incorrect in arguing that the Court failed to conduct any analysis on the issue. Even a cursory review of the Court's April 10, 2023 Order, makes plain that the Court directly addressed Plaintiffs' primary case, *Austin v. Litvak*, 682 P.2d 41, 50 (Colo. 1984), and the related constitutional challenge. (*See* Doc. No. 31 at 15-16.) The Court held the General Assembly cured the constitutional issues raised in *Austin*, and that here, the *Austin* issues are not present. (*Id.* at 16.)

At bottom, Plaintiffs seek to use their Motion for Reconsideration as a second bite at the apple. The Court does not believe it misapprehended the facts, the law, or the parties' position with respect to Plaintiffs' first three arguments. Plaintiffs' repackaging of those arguments does not reveal clear error, and the Court therefore denies Plaintiffs' Motion for Reconsideration to the extent it relies on those grounds.

**B.      Plaintiffs' fourth argument is late-made and inconsistent with prior arguments, but it provides a basis for the Court to reconsider its April 10, 2023 Order, in part.**

Plaintiffs' fourth argument begins with this premise: Defendants' 12(b)(1) challenge is a facial attack on the Complaint and therefore the Court must accept the well-pleaded factual allegations as true. (Doc. No. 32 at 12.) The Court agrees. Next, Plaintiffs assume *arguendo* that the statute of repose exception does not apply if both the injury and its cause are known or discoverable by the exercise of reasonable diligence within the three-year repose period. (*Id.*) The Court agrees with Plaintiffs' articulation of the rule, which they qualify as articulated for argument's sake. Plaintiffs then argue the Court erroneously "determined, without analysis, either: (1) Plaintiffs knew of the injury and its cause within the three-year period after the alleged negligent conduct, or (2) the injury and its cause were discoverable by Plaintiffs within the three-year period had they exercised reasonable diligence." (*Id.*) On this point the Court disagrees.

Although the Court did indeed assume that Plaintiffs knew of the injury and its cause within the three-year period, it did not assume facts outside of the Complaint or reach conclusions without analysis. Instead, the Court simply accepted Plaintiffs' allegations as true. Plaintiffs' Complaint alleges that "[o]n December 31, 2019, [Mrs. Lewis] was informed that she had breast cancer (invasive ductal carcinoma)." (Doc. No. 1 at ¶ 29.) Thus, the Court accepted—as it must—that on December 31, 2019, Plaintiffs discovered Mrs. Lewis's injury because that was the date she was diagnosed with cancer. If the analysis ended there, the Court would affirm its decision as set forth in its April 10, 2023 Order, and deny Plaintiffs' Motion for Reconsideration. But the analysis does not end there because Plaintiffs' Motion for Reconsideration offers a new argument.

In their Motion for Reconsideration, Plaintiffs change the definition of "injury." They argue the injury is not the cancer generally, but rather Stage 4 metastic breast cancer, and Mrs.

Lewis learned about the "extent of her cancer" well after the diagnosis date. (*See* Doc. No. 32 at 12-13.) Plaintiffs also argue that the date on which Mrs. Lewis was diagnosed with cancer is not necessarily the date on which she learned the *cause* of the injury. (*Id.* (arguing Mrs. Lewis may have learned of her diagnosis in December, 2019, but that date "is not dispositive of the time frame when she learned the negligence of Defendants was the *cause* of the *extent* of her cancer." (emphasis added)).) In other words, Plaintiffs change the date of discovery by redefining the nature of the injury.

As Defendant points out in its Response to the Motion for Reconsideration, Plaintiffs could have made this argument previously and did not. (*See* Doc. No. 38 at 11.) The Court is troubled by that. The Court is also troubled by Plaintiffs' effort to recast the concept of "injury" in a way that is inconsistent with, or at the very least in tension with, prior arguments in which they indicate the injury was discovered when Mrs. Lewis was diagnosed with cancer in December, 2019. (*See, e.g.,* Doc. No. 16 at 12 n.4 ("[I]t is undisputed that Mrs. Lewis did not learn about her injury and its cause until one month before the statute of repose ran.").) Indeed, one way to view Plaintiffs' inconsistent arguments is that Plaintiffs have already conceded the very fact they now say the Court erroneously assumed in its April 10, 2023 Order: that Mrs. Lewis learned of her injury and its cause in December, 2019.

But whether this Court has subject matter jurisdiction is an important inquiry and the Court will not make that determination based on Plaintiffs' inconsistent positions or inadvertent concessions. Moreover, the Court is persuaded that, "[n]egligent misdiagnoses of cancer cases are unique." (Doc. No. 32 at 12.) The Court believes it should better understand the nature of the alleged injury, the diligence necessary to discover it and its cause, the information received

during the initial diagnosis versus later consultations, and anything else that may factor into this key subject matter jurisdiction question: *Were the injury and its cause known or discoverable by the exercise of reasonable diligence within the three-year repose period?*

Thus—and without deciding what constitutes the "injury" or any other issue that pertains to the question set forth above—the Court will give Plaintiffs an opportunity to amend their Complaint. The amended complaint should conform to Plaintiffs' current position that the injury and its cause were discovered outside the three-year statute of repose period. To the extent Defendant—in response to any such amended complaint—decides to request jurisdictional discovery and/or an early determination on the question set forth above (*Were the injury and its cause known or discoverable by the exercise of reasonable diligence within the three-year repose period?)*, the Court will be prepared to grant that request.

## CONCLUSION

For the forgoing reasons, it is

**ORDERED** that:

1) Plaintiffs' Motion to Certify (Doc. No. 33) is **DENIED**;

2) Plaintiffs' Motion for Reconsideration (Doc. No. 32) is **DENIED in part and GRANTED in part**, consistent with this order; and

3) the dismissal set forth in the Court's April 10, 2023 Order (Doc. No. 31) shall be converted to a dismissal *without prejudice*. Plaintiffs will be allowed to amend their Complaint. Any such amended complaint must be filed on or before July 20, 2023.

Dated this 29th day of June, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge